IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN CANTY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:17-cv-00237-MTT-CHW |
| v. | : | |
| | : | |
| WILLIAM A PRIOR. JR, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff Martin Canty has filed a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 10) from the Court's November 3, 2017, Order (ECF. No. 5) dismissing his case as barred by the *Rooker-Feldman* doctrine and for failure to state a claim. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

    (A) shows . . . the party's inability to pay or to give security for fees
and  costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

 (2) If the district court denies the motion, it must state its reasons in writing.

 Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff's application and certified trust fund account in this case indicates that he is unable to pay the $505 appellate filing fee.

 Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

 Upon reviewing Plaintiff's motion and the record, the Court finds that Plaintiff has

no arguable basis for an appeal. Plaintiff seeks appeal because he "was denied a full and fair hearing and the right to be free of invidious discrimination." Motion to Appeal in Forma Pauperis 1, ECF No. 10. Plaintiff raised the same argument in his complaint, and alleges that the state court judges that presided over his state court habeas action conspired with those that represented the state, his appellate attorney, and others to deny his petition. According to Plaintiff, the conspiracy resulted in the state court wrongly deciding various evidentiary and case management issues as well as erroneously denying his habeas petition. As discussed in the Order of dismissal, Plaintiff is a state court loser complaining of injuries caused by state-court judgements, and he seeks review of the rulings and procedures employed by the state court as applied to him. His claims are, therefore, barred by the *Rooker-Feldman* doctrine. Furthermore, the defendant judges and assistant state attorney generals are entitled to immunity. Plaintiff's remaining claims against his appellate attorney and the court reporter are also barred by Georgia 2-year statute of limitations. Consequently, Plaintiff's appeal is without arguable merit, and Plaintiff's application to appeal in forma pauperis (ECF No. 10) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to

"Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 29th day of January, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
